AE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TOUCHE BAKERY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05 C 2065 |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Martin C. Ashman |
| VENETIAN BAKERY, INC., n/k/a | ) | |
| EVOLUTION FOODS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Touche Bakery, Inc. ("Touche"), moves this Court, pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, to enter summary judgment in its favor and against Defendant, Venetian Bakery, Inc. ("Venetian"). The parties have consented to have this Court conduct any and all proceedings in this case, including the entry of final judgment. *See* 28 U.S.C. § 636(c); Local R. 73.1(a). This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), as this action is between a citizen of the State of Illinois and a citizen of Canada and the amount in controversy exceeded $75,000.00 (United States Dollars ("USD")) when this case was filed. (Compl. at 4.) For the reasons that follow, Touche's motion is granted.

### I. Background

The following facts are undisputed and are taken from Touche's Local Rule 56.1(a) Statement of Material Facts and accompanying exhibits. Venetian did not respond to Touche's Statement of Material Facts. Under Local Rule 56.1(b)(3), "[a]ll material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the

statement of the opposing party." Accordingly, all of the following facts are deemed admitted by Venetian.

At all relevant times, Touche was a corporation organized and existing under the laws of Canada, (L.R. 56.1 ¶ 1), and was engaged in the manufacture and sale of, among other things, meringue cookies. (L.R. 56.1 ¶ 2.) At all relevant times, Venetian was a corporation organized and existing under the laws of the State of Illinois, (L.R. 56.1 ¶ 3), and was a broker of bakery products that it would purchase and resell to other entities such as Wal-Mart. (Id.) Between November 25, 2004 and January 6, 2005, Touche entered into various agreements with Venetian for the sale of the following meringue cookies on a F.O.B. Touche's loading dock basis:

a. November 25, 2004, amount $20,966.40 (Canadian Dollars ("CAD"))
b. December 2, 2004, amount $7,862.40 (CAD)
c. December 8, 2004, amount $20,966.40 (CAD)
d. December 10, 2004, amount $7,845.60 (CAD)
e. December 17, 2004, amount $26,174.40 (CAD)
f. January 6, 2005, amount $31,382.40 (CAD)

(Cuddy Aff., Ex. C.)[1] On each occasion referenced above, Venetian received each of the orders of meringue cookies in question. (L.R. 56.1 ¶¶ 6-7.)

---

[1] While the invoices described in paragraph 6 of Touche's Local Rule 56.1(a) Statement of Material Facts purport to be based on invoices attached to Cuddy's Affidavit at Ex. C, they are not entirely supported by Ex. C. Specifically, paragraph 6 states that (1) December 2, 2004 invoices amount to $10,510.66 (CAD), as opposed to $7,862.40 (CAD), (2) December 8, 2004 invoices amount to $99,012.00 (CAD), as opposed to $20,966.40 (CAD), (3) December 10, 2004 invoices amount to $26,174.40 (CAD), as opposed to $7,845.60 (CAD), (4) December 17, 2004 invoices amount to $32,430.95 (CAD), as opposed to $26,174.40 (CAD), and (5) January 6, 2005 invoices amount to $37,785.50 (CAD), as opposed to $31,382.40 (CAD). The Court notes, however, that the overstated and unsupported numbers do not appear to be included in Touche's overall claim for damages. Therefore, the Court finds that the invoices attached as Ex. C, and not the invoices described in paragraph 6, accurately reflect the various contracts between the parties.

On January 4 and January 18, 2005, respectively, Venetian paid Touche $15,000.00 and $12,000.00 for various orders of cookies.[2] (L.R. 56.1 ¶ 8.) From February 2005 until March 2005, Touche attempted to convince Venetian to pay more of the monies owed but Venetian refused. (L.R. 56.1 ¶¶ 9-11.) Presently, the remaining balance owed on the cookies in question is $76,631.07 (USD). (L.R. 56.1 ¶ 12.) Touche filed its claim for the remaining balance on April 8, 2005, and moved for summary judgment on March 30, 2006.

## II. Discussion

Summary judgment is appropriate when the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Sinkler v. Midwest Prop. Mgmt. Ltd.*, 209 F.3d 678, 683 (7th Cir. 2000). In determining whether summary judgment is appropriate, the Court must view the evidence, and draw all reasonable inferences therefrom, in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Kennedy v. United States*, 965 F.2d 413, 417 (7th Cir. 1992). If taking the record in its entirety cannot lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial and summary judgment must be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

---

[2] Touche's invoices in Ex. C of Cuddy's affidavit add up to a total balance due of $115,197.60 (CAD). (L.R. 56.1, Ex. C.) Touche claims that Venetian still owes $76,631.07 (USD), which is approximately $85,300.00 (CAD). Thus, while it is not stated in paragraph 5 of Touche's Local Rule 56.1(a) Statement or in Touche's motion, the Court concludes that on January 4 and January 18, 2005 Venetian paid Touche $27,000.00 (CAD) and not $27,000.00 (USD). This conclusion is consistent with the fact that all of the parties' business dealings were in Canadian Dollars.

To sustain its breach of contract action under Illinois law, Touche must establish that (1) a contract exists between the parties, (2) Touche performed its obligations under the contract, (3) Venetian did not perform its obligations under the contract, and (4) Touche sustained damages as a result of Venetian's breach. *Priebe v. Autobarn, Ltd.*, 240 F.3d 584, 587 (7th Cir. 2001) (citing *Hickox v. Bell*, 552 N.E.2d 1133, 1143 (Ill. App. Ct. 1990)). In this case, the uncontroverted record establishes that (1) Touche and Venetian entered into several contracts on an F.O.B. Touche's loading dock basis, (L.R. 56.1, Ex. C), (2) Touche performed its obligations under the contracts when Venetian received each of the orders of cookies, (L.R. 56.1 ¶¶ 6-7), (3) Venetian made partial payment of $27,000 (CAD) but did not fully perform its obligations under the contracts, (L.R. 56.1 ¶¶ 8-11), and (4) Touche sustained damages in the amount of $76,631.07 (USD) as a result of Venetian's failure to fully perform its obligations under the contracts. (L.R. 56.1 ¶ 12.) Thus, Touche prevails on its breach of contract claim. As there is no genuine issue as to any material fact, Touche is entitled to judgment as a matter of law and summary judgment is appropriate.

### III. Conclusion

For the reasons stated above, Touche's motion is granted and judgment is entered against Venetian for $76,631.07 (USD).

MARTIN C. ASHMAN
United States Magistrate Judge

Dated: May 2, 2006.

Copies have been mailed to:

| | |
|---|---|
| JOEL F. HANDLER, Esq.<br>55 West Wacker Drive<br>Suite 950<br>Chicago, IL 60601 | VENETIAN BAKERY, INC.<br>c/o Dennis S. Nuddo<br>1700 Higgins Road<br>Suite 650<br>Des Plaines, IL 60018 |
| Attorney for Plaintiff | *Pro Se* Defendant |